FULLER *et al. v.* BRAKEFIELD *et al.*

There being some evidence to sustain the verdict that the paper propounded was not the last will and testament of the deceased (though this court would not so find), and the presiding judge being satisfied, his judgment refusing a new trial was not an abuse of discretion.
February 24, 1890.

Probate. Wills. Evidence. Verdict. Before Judge
SMITH. Harris superior court. October term, 1888.

Reported in the decision.

H. C. CAMERON, B. H. WALTON and W. A. LITTLE, for
plaintiffs.

C. J. THORNTON, L. L. STANFORD and W. L. LATHAM, for
defendants.

BLANDFORD, Justice.

The plaintiffs in error offered for probate before the
court of ordinary a certain paper which was alleged to
be the last will and testament of one Brakefield. To
this certain of the children of the deceased testator ap-
peared and filed a *caveat* upon the ground that the pa-
per propounded was not the last will and testament of
the testator; that the testator did not have sufficient tes-
tamentary capacity at the time he made the pretended
will; and upon the further ground that the same was
procured to be made by undue influence exerted upon
him. An appeal by consent was taken from the court
of ordinary to the superior court. The case came on
for trial before a jury in that court. There was some
evidence to the effect that the testator was insane at the
time of the making of the will. Certain actions and
conduct on the part of the testator were testified to.
It was further shown that the testator directed one
Trammell to write a will for him, and that Trammell
wrote a will and sent to the testator. Trammell testi-
fied that the paper propounded was not the will that he
wrote, nor was it shown by any witness that the testa-
tor knew the contents of the paper propounded as his
will, or that the same was ever read over to him or by
him. The jury found, against the propounders, that
the paper propounded was not the last will and testa-
ment of Brakefield. A motion for a new trial was made,
upon the ground that the verdict of the jury was with-

out evidence to sustain it. The court refused to grant the motion for a new trial, and the propounders excepted, and the case was brought here for review.

While we would not, had we been on the jury, have found against the paper propounded, yet we think that there is some evidence to sustain the verdict of the jury. The judge who presided in the case was satisfied to let the verdict stand, and it appears that the case was impartially tried, as no exception is taken to any ruling of the court on the trial of the case. So we cannot say that the court abused his discretion in refusing to grant a new trial, and the judgment is    *Affirmed.*